IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK K. GILMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 05-769-JPG |
| | ) |
| **NURSE BOBBY and AN UNKNOWN** | ) |
| **DOCTOR at MADISON COUNTY JAIL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In August 2005, prior to his incarceration in Madison County Jail, Plaintiff had been shot in the foot. He was released from the hospital wearing a protective boot; he was also issued crutches to help keep weight off the injured foot while it healed. During his transfer from the St. Louis Justice Center to Madison County Jail, his crutches were either lost or confiscated. For two weeks he hobbled through the jail each day to have his foot treated by the nurse. When he returned to the jail, he still had no crutches for several days, despite the doctor's orders. Eventually crutches were issued to him, although they consistently were misplaced, removed, or stored out of his reach. Apparently Plaintiff's foot did not heal properly; in mid-October, an appointment was scheduled for a consultation with an orthopedic surgeon.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

> A state official violates the due process rights of a pretrial detainee when she acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir. 1991). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or

>safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In both cases, the relevant inquiry is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. Compare *Brownell*, 950 F.2d at 1291 (applying a subjective standard in the Fourteenth Amendment context) with *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970 (applying a subjective standard in the Eighth Amendment context).

*Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999).

In this case, Plaintiff makes no allegation that any defendant was deliberately indifferent to his medical needs. Rather, the allegations clearly present only a claim of negligence, at best, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated:   February 5, 2007.

                                                         s/ J. Phil Gilbert
                                                         **U. S. District Judge**